```
       UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF WEST VIRGINIA
              AT CHARLESTON
```

ERIE INSURANCE PROPERTY AND
CASUALTY COMPANY,

      Plaintiff,

v.                         Civil Action No. 2:17-cv-03126

THE ESTATE OF SANDRA KAY NICHOLS,
ALLISON ELAINE MCGINNIS,
ASHLEE NICOLE NICHOLS ROSAS, and
WILLIAM JACKSON STUCK,

      Defendants.

## MEMORANDUM OPINION AND ORDER

Pending is the plaintiff's renewed motion for default judgment against defendant William Jackson Stuck, filed November 12, 2018, or alternatively that he be the subject of an independent medical examination; and plaintiff's alternative motion for the appointment of a guardian <u>ad</u> <u>litem</u> and for leave to serve process, filed January 07, 2019.

### I. Background

The relevant factual background is set forth in the court's memorandum opinion and order, entered December 6, 2018, in which it granted plaintiff Erie Insurance Property and Casualty Co.'s ("Erie") motion for summary judgment against the three defendants other than Mr. Stuck. ECF No. 64.

Mr. Stuck, who is understood to be both incompetent to stand trial and incarcerated, has not appeared in this case. The plaintiff attempted service on Mr. Stuck by serving Timbera Wilcox who purported to waive service on his behalf in this matter. ECF No. 15. Ms. Wilcox was appointed as Mr. Stuck's guardian <u>ad</u> <u>litem</u> in the underlying state civil matter in which he was sued by his three co-defendants here. Order Appointing a Guardian Ad Litem, ECF No. 67-2.

The plaintiff attempted to serve the summons on Ms. Wilcox by both sending a letter requesting a valid waiver directly to her and by having a process server deliver the summons to Brian Yost, Esq. Pl.'s Mot., ECF No. 67, at 2; Proof of Service, ECF No. 67-1. Erie asserts that Mr. Yost was an "agent" of Ms. Wilcox, entitled to receive service on her behalf and that it served process on "Timbera C. Wilcox as Guardian ad Litem for William Stuck, care of Brian Yost at Holroyd & Yost." The court notes, however, that Mr. Yost could not be expected to be an agent of Ms. Wilcox, Mr. Stuck's guardian <u>ad</u> <u>litem</u> in the underlying state civil matter, while his law firm represents those who seek recovery from Mr. Stuck. Erie contends that it did not file the "Proof of Service" showing that it attempted service on Ms. Wilcox by leaving a summons with Mr. Yost until

now because it believed the waiver eventually signed by Ms. Wilcox was effective. Pl.'s Mot., ECF No. 67, at 2.

Erie asserts that service upon Ms. Wilcox in this matter was sufficient, and thus, that it is entitled to default judgment pursuant to Federal Rule of Civil Procedure 55: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Id.

Erie requests, in the alternative to the court's entering default judgment against Mr. Stuck, that Ms. Wilcox be named Mr. Stuck's guardian ad litem in this action. Plaintiff contends that appointing Ms. Wilcox would best serve judicial economy, as she has represented Mr. Stuck as guardian ad litem for two years in the underlying state civil matter.

Before granting Erie's motion for default judgment, the court must determine whether Mr. Stuck has been appropriately served with process in this matter.

II. Analysis

Federal Rule of Civil Procedure 4(g) provides that a minor or incompetent person "must be served by following state

3

law for serving a summons or like process on such a defendant in an action brought in the courts of general jurisdiction of the state where service is made."  The relevant West Virginia Rule of Civil Procedure is Rule 4(d)(3), which provides that service upon incompetents fourteen years of age or older should be done in accordance with Rule 4(d)(2).

West Virginia Rule of Civil Procedure 4(d)(2) states that if there is no guardian or conservator for the incompetent, and the incompetent's father or mother cannot be found, then "service of the summons and complaint shall be made upon a guardian ad litem appointed under Rule 17(c)."  This is the rule describing how an incompetent person may be served with process in West Virginia in accordance with the Federal Rules.  See Fed. R. Civ. P. 4(g).

Federal Rule of Procedure 17(c)(1) specifies that "[t]he following representatives may sue or defend on behalf of a minor or an incompetent person: (A) a general guardian; (B) a committee; (C) a conservator; or (D) a like fiduciary."  An "other like fiduciary" is held to include a guardian ad litem. Garrick v. Weaver, 888 F.2d 687, 693 (10th Cir. 1989).

Additionally, Rule 17(c)(2) prescribes that "[a] minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad

4

litem. The court must appoint a guardian ad litem – or issue another appropriate order – to protect a minor or incompetent person who is unrepresented in an action."

Erie argues that the court is not required to appoint a guardian *ad* *litem* in this action for Mr. Stuck because he is represented by the guardian *ad* *litem* appointed by the state court in the underlying civil matter.

Erie's argument is unpersuasive. As just noted, the Federal Rules of Civil Procedure specifically state that "the court must appoint a guardian ad litem . . . to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2).

Mr. Stuck did have a guardian *ad* *litem* appointed to him in the underlying civil action in state court in which he was being sued for killing his daughter. However, in the declaratory action filed by plaintiff in this court, he has been, and remains, unrepresented.

III. Conclusion

Inasmuch as Mr. Stuck nor any representative appointed to represent his interests in this matter has been served, it is ORDERED that plaintiff's motion for default judgment be, and

5

hereby is, denied.  Inasmuch as Mr. Stuck is understood to be in the custody of an agency of the state of West Virginia, the plaintiff's alternative request for an independent medical evaluation is denied without prejudice to its renewal once the guardian *ad litem* appointed herein is served with a motion to that effect that is accompanied by a memorandum of law fully supporting the request.

Further, it appearing that a guardian *ad litem* should be appointed to represent the interests of William Jackson Stuck, it is ORDERED that William W. Pepper, a discreet and competent practicing attorney in Kanawha County, West Virginia, be, and hereby is, appointed as guardian *ad litem* for William Jackson Stuck.

Good cause being shown for the plaintiff's failure to effect service upon Mr. Stuck, it is further ORDERED that plaintiff's motion for leave to serve process be, and hereby is, granted, and that plaintiff effect service of process upon Mr. Stuck's representative within fourteen days of the entry of this order.

The Clerk is directed to transmit this memorandum opinion and order to all counsel of record.

ENTER: June 7, 2019

_____
John T. Copenhaver, Jr.
Senior United States District Judge